UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:25-CR-27  CCB  SJF |
| | ) | |
| WALLACE SANNER | ) | |

### UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, M. Scott Proctor, Acting United States Attorney for the Northern District of Indiana, through Joel Gabrielse, Assistant United States Attorney, and submits the following memorandum in preparation for the sentencing hearing in this case.

The government agrees with the information and calculations set forth in the final presentence investigation report. The government recommends a sentence at the low end of the Guidelines range.

With respect to some of the factors listed in 18 U.S.C. § 3553(a), the government now advises the Court as follows:

**Nature and Circumstances of the Offense**

From 2016 to 2023, Wallace Sanner obtained 21 guns from licensed dealers, then distributed them for personal profit. He sold guns to someone he knew was prohibited (PSR ¶ 14). He sold guns knowing they would be even more widely distributed (PSR ¶ 14). He sold guns that police in several different jurisdictions recovered while investigating crimes (PSR ¶ 13).

To accomplish these transactions, Mr. Sanner lied on ATF 4473 forms when he obtained the guns at legitimate dealers.

### History and Characteristics of the Defendant

Mr. Sanner was able to acquire all these guns because he doesn't have any felony convictions on his record. He has been convicted for one misdemeanor and he has used marijuana for years.

Mr. Sanner has worked at some legitimate jobs but has apparently lasted only a few months at each of them. He has child support arrearages but has been making weekly payments. He has been largely compliant with pretrial supervision but has made a few gratuitous excursions in violation of the rules.

### Just Punishment, Adequate Deterrence, and Respect for the Law

In general, similar sentences for similarly situated defendants provide just punishment and promote respect for the law. Likewise, the same factors generally promote deterrence. In general, the Guidelines provide the best hope for consistent sentencing. *United States v. Woods*, 2018 WL 10229903 (N.D. Ind. 2018). "[T]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v.* Bartlett, 567 F.3d 901, 908 (7th Cir. 2009). Indeed, the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Thus, although the Guidelines are advisory rather than mandatory, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a) objectives." *Id*.

In this case, the application of the Guidelines provides an appropriate framework. The Guidelines fairly account for the number of firearms Mr. Sanner has introduced into circulation, and they fairly account for his relative lack of criminal history.

Mr. Sanner has agreed to plead guilty and resolve his case without trial, which facilitates the government's efforts to conclude cases in an efficient manner.

For these reasons, the government believes that a sentence within the Guidelines framework, and at the low end of the applicable range, is sufficient.

## Conclusion

The government recommends a sentence at the low end of the applicable Guideline range.

Respectfully submitted,

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY

By:  *s/ Joel Gabrielse*
Joel Gabrielse
Assistant United States Attorney
United States Attorney's Office
204 S. Main Street, Room M01
South Bend, IN 46601
Telephone: 574-236-8287
Email: Joel.Gabrielse@usdoj.gov