UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | |
| ) | |
| ) | |
| vs. ) | CAUSE; 3:25-CR-00027 |
| ) | |
| ) | |
| WALLACE SANNER ) | |
| Defendant ) | |

## SENTENCING MEMORANDUM OF YALITZA EXCLUSA BORRERO

Comes now the Defendant, Wallace Sanner, by and through counsel and submits his sentencing memorandum.

## SENTENCING REQUEST

Wallace Sanner, for the reasons set forth below, requests this Court for a sentence at or below the applicable guideline range as found in the PSR.

Mr. Sanner submits that a sentencing of no more than 18 months is sufficient, but not greater than necessary, under the facts and circumstances of this particular matter. Any greater sentence would be more than necessary.

## INTRODUCTION

The Sentencing Guidelines simply do not take into consideration relevant factors in this individualized case. A sentence at or below the applicable guideline range would in no way insufficiently punish Mr. Sanner or diminish the seriousness of his conduct.

Below, Mr. Sanner will individually address the relevant statutory factors, as they relate to his sentence, in a piecemeal manner. However, as cited in the immediately following section, Mr. Sanner maintains that this Court should determine an individualized sentence for him and his crime without particular weight given to any one subpart of the statute.

1

1. **Sentence Recommended by the Sentencing Guidelines**

The sentence recommendation contained in the PSR is a range of 18-24 months. The Arguments made by Mr. Sanner in the following paragraphs will ask the Court to consider a sentence at or below the applicable guideline range as contained in the PSR and for a sentencing range of no more than 18 months based upon the factors of 18 USC 3553(a).

2. **Nature of the Offense; 18 USC 3553(a)(1)**

Congress has deemed the matters to which Defendant has been found guilty of as serious crimes as evidenced by the maximum sentence in Count One of Ten (10) years and in Count Two of Ten (10) years. However, nothing in his crime aggravates beyond what is provided for in the statute itself. To the contrary, Mr. Sanner contends that his circumstances warrant and constitute a mitigation of the sentence delineated in the PSR.

3. **Wallace Sanner's History and Characteristics; 18 USC 3553(a)(1)**

Mr. Sanner submits that 18 USC 3553(a) requires that a sentencing court look to the nature and characteristics of the offender. However, the only offender characteristic taken into account by the guidelines is criminal history.

Mr. Sanner is in Criminal History Category I, having minimal prior criminal history. His compliance with pre-trial services demonstrates his commitment to following the rule of law. Not only did he seek permission to visit family on several occasions, but he also refrained from the use of marijuana. This is notable as he admitted using marijuana several times per week in the time leading up to his arrest in the case at bar.

He has been and will likely continue to be employable. His health appears to be excellent and he has consistently worked and contributed toward the support of his children. Unlike many defendants coming before this Court, Mr. Sanner has the support of his family and is a father active in his children's lives.

Perhaps the most telling characteristic of Mr. Sanner is that he was honest with investigators, even before knowing the benefits of accepting responsibility in the context of a criminal conviction. This is consistent with his lack of any gang affiliation.

Given these characteristics, Mr. Sanner argues that a sentence at or below the applicable guideline range is both warranted and appropriate.

4. **Need for the Sentence to Reflect the Offense's Seriousness; 18 USC 3553(a)(2)(A)**
   **Need for the Sentence to Promote Respect for the Law; 18 USC(a)(2)(A)**
   **Need for the Sentence to Provide Just Punishment; 18 USC 3553(a)(2)(A)**
   **Need for the Sentence to Afford Adequate Deterrence to Others; 18 USC 3553(a)(2)(B)**

   Congress has declared that the maximum sentence under the facts and circumstance of this case is to be Ten (10) Years for Count One and Ten (10) Years for Count Two. However, the applicable guideline range for Mr. Sanner, per the PSR, shows a sentencing range of 18 to 24 months. A sentence at or below the guideline range of no more than 18 months would not necessarily diminish the severity of this particular criminal activity.

   Given that Mr. Sanner is in Criminal History Category I, it would seem she does have respect for the law. He is a father who will be separated from his dependents as a result of incarceration.

   Mr. Sanner's conviction also serves as a strong message that the government will prosecute those engaged in conduct like him. The possibility of being incarcerated for any amount of time certainly would act as deterrence to those who might consider similar criminal conduct. As such, a sentence at or below the applicable guideline range would still deter future criminal conduct by himself as well as others.

5. **Need for the Sentence to Protect the Public from Further Crimes by Yalitza Exclusa Borrero; 18 USC 3553(a)(2)(C)**

   Wallace Sanner represents the kind of defendant that can be rehabilitated. He is a father and an American Citizen. He is educated and is capable of employment. He has been emotionally devastated by his conviction and takes the thought of incarceration seriously. He is Criminal Category I. Hence, a sentencing range of no more than 24 months is adequate protection for the public.

   ## CONCLUSION

   For all the above and foregoing reasons, Wallace Sanner prays this Honorable Court to sentence him at or below the applicable guideline range to a sentence of no more than 18 months. Such a sentence would serve to provide a sentence that is sufficient but not greater than necessary for her particular circumstances.

   Respectfully Submitted,

   /s/ David K. Payne
   David K. Payne
   Attorney for Defendant, Wallace Sanner
   dpayne@braje-nelson.com

## CERTIFICATE OF SERVICE

    The undersigned counsel for Defendant, Wallace Sanner does hereby certify that a copy of the foregoing was served on counsel for the government via the district court's CM/ECF system this 22nd day of September, 2025.

                                                /s/ David K. Payne
                                                David K. Payne
                                                Attorney for Defendant, Wallace Sanner